E-FILED
Friday, 30 May, 2014 01:29:37 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES SOTO,
    Plaintiff,

vs.                              14-1132

CORRECTIONAL OFFICER BUCKLEY, et.al.,
    Defendants.

## MERIT REVIEW OPINION

    This cause is before the court for merit review of the Plaintiff's complaint. The court is required by §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The Plaintiff, a state prisoner, has filed his lawsuit pursuant to 42 U.S.C. §1983 alleging eleven Defendants at Hill Correctional Center violated his constitutional rights. The fifty-seven page document includes numerous exhibits, but Federal Rule of Civil Procedure 8 requires that a complaint provide a short and plain statement of the intended claims. Fed.R.Civ.P 8 (a). The Plaintiff cannot expect the court, nor the Defendants to wade through his exhibits in hopes of discovering additional claims. Therefore, the court will not consider the attached exhibits, and will only consider claims clearly stated in the body of the Plaintiff's complaint.

    The Plaintiff says he repeatedly advised Correctional Officers Buckley and Mason that he was having problems with his cell mate and needed to be moved to another cell. The officers took no action and the Plaintiff says he was severely beaten by his cell mate on May 3, 2012. The Plaintiff has adequately alleged Defendants Mason and Buckley violated his Eighth Amendment rights when they failed to protect him from an inmate assault.

    The Plaintiff then alleges various other prison officials including various Jane or John Does, Counselor Steven Gans, Grievance Officer Tiffanie Clark and Illinois Department of Corrections Director Salvador Godinez either failed to investigate his resulting grievance or denied his grievance. The Plaintiff has failed to articulate a constitutional violation. *See Young v. Wexford Health Services*, 2012 WL 621358 at 4 (N.D. Ill. Feb. 14, 2012)(failure to rule favorably on a prison grievance is not actionable under §1983); *see also Perales v Bowlin*, 644 F.Supp.2d 1090, 1100 (N.D. Ill. 2009)(ignoring grievance or failing to investigate does not make an official liable for damages under Sec. 1983); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir.2005) (inmate's claim that prison officials failed to investigate his grievances that mail room and security staff was stealing his property was indisputably meritless because inmate did not have a due process right to an investigation.) *Wilkins v. Illinois Dept. of Corrections*, 2009 WL 1904414 at 9 (S.D.Ill. July 1, 2009)("Because inmates do not have a due process right to have

their claims investigated at all, an allegation that any investigation which is actually conducted by prison officials was "inadequate" or "improper" does not state a constitutional claim.")

The Plaintiff also alleges Warden Joseph Yurkovich was responsible for the "Departmental Housing Refusal Policy." (Comp, p. 11). The Plaintiff says if he refused his cell house assignment, he would have been disciplined for "disobeying a director order (order to lockup)" and "unauthorized movement." (Comp., p. 10) Furthermore, "[i]f this policy would've not been in place on May 3rd of 2012, the Plaintiff could've refused cellhouse assignment/ placement for his own safety reasons and would've never been in cellhouse 4-C-73, therefore, would've never gotten attacked to begin with and hurt." (Comp., p. 10-11).

The Plaintiff has failed to clearly articulate a constitutional violation. Liability under §1983 can be imposed on government entities if the underlying constitutional deprivation resulted from the execution of an official policy or practice. *Monell v Department of Social Services*, 436 U.S. 658, 694 (1978). The alleged housing policy is not related to the Plaintiff's claim that officers failed to protect him from an inmate assault. In addition, prison officials cannot allow inmates to choose which cells they will live in nor allow inmates to refuse a cell assignment or an order to cuff up. Therefore, the court will also dismiss Defendant Yurkovich.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges Defendants Mason and Buckley violated his Eighth Amendment rights when they failed to protect him from an inmate assault. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss all John Doe Defendants, Gans, Clark, Benton, Godinez, Yukoich and Akpore for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) attempt service on Defendants pursuant to the standard procedures; 3) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 4) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act .**

**2) Lastly, it is ordered that if a Defendant fails to sign and return a waiver of service for the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 29th day of May, 2014.

/s/ Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE